SHARON D. MAYO (SBN 150469)
sharon.mayo@aporter.com
ERICA CONNOLLY (SBN 288822)
erica.conolly@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

AMIE L. MEDLEY (SBN 266586)
amie.medley@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CHEBRA MUSIC, HI MOM I DID IT MUSIC, REDFOO, LLC d/b/a YEAH BABY MUSIC, MORLEY MUSIC CO., and WB MUSIC CORP., <br><br> Plaintiffs, <br><br> v. <br><br> FUZION MEET EAT PLAY, L.L.C. and KEELI S. LISACK, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT <br><br> (17 U.S.C. §§ 101 et seq.) |

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Fuzion Meet Eat Play, L.L.C. ("FMEP") is a limited liability company organized under the laws of the state of California with offices at 7227 Edinger Avenue, Huntington Beach, California 92647.

6. At all times hereinafter mentioned, FMEP did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Fuzion Meet Eat Play (the "Establishment"), located at 7227 Edinger Avenue, Huntington Beach, California 92647.

7. Musical compositions were and are publicly performed at the Establishment.

8. On information and belief, defendant Keeli S. Lisack, ("Lisack," and, together with Fuzion, the "Defendants") is an individual who resides and/or does

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

1

COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT

business in this district.

9. At all times hereinafter mentioned, Lisack was, and still is, a Managing Member of Fuzion.

10. At all times hereinafter mentioned, Lisack was, and still is, responsible for the control, management, operation and maintenance of the affairs of Fuzion.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at the Establishment, including the right and ability to supervise and control the public performance of musical compositions at the Establishment

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at the Establishment.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 560,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Since March 2014, ASCAP representatives have made more than 20 attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for the Establishment. ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

16. ASCAP's various communications put Defendants on notice that

2

COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT

unlicensed performances of ASCAP's members' musical compositions at the Establishment constitute copyright infringement of ASCAP's members' copyrights in their musical works.

17. Defendants have refused all of ASCAP's license offers for the Establishment.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at the Establishment, including the copyrighted works involved in this action, without permission, during the hours that the Establishment is open to the public for business and presenting musical entertainment.

19. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20. The compositions named in each cause of action were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. The compositions named in causes of action 2 and 3 are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued a Certificate of Registration of the claim of the renewal of copyright in the name of that claimant listed in Column 7. The date and identification number of the renewal certificate are set forth in Column 8.

23. Defendants on the dates specified in Column 9, and, upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each

composition named in Column 3 by giving public performances of the compositions at the Establishment, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at the Establishment of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at the Establishment include the performances of the three copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

28. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

**WHEREFORE, Plaintiffs pray**:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions – or any of them – and from causing or permitting the said compositions to be publicly performed at Fuzion Meet Eat Play, or at any place owned, controlled, managed, or operated by Defendants, and

1 from aiding or abetting the public performance of such compositions in any such
2 place or otherwise.
3     II.  That Defendants be decreed to pay such statutory damages as to the Court
4 shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty
5 Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in
6 each cause of action herein.
7     III.  That Defendants be decreed to pay the costs of this action and that a
8 reasonable attorney's fee be allowed as part of the costs.
9     IV.  For such other and further relief as may be just and equitable.

Dated: April 12, 2016           ARNOLD & PORTER LLP

By: */s/ Amie L. Medley*
    SHARON D. MAYO
    AMIE L. MEDLEY

Attorneys for Plaintiffs

# SCHEDULE A

## Schedule A

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | CHEBRA MUSIC<br><br>HI MOM I DID IT MUSIC<br><br>REDFOO, LLC d/b/a YEAH BABY MUSIC | SEXY AND I KNOW IT | George Robertson<br><br>Erin Beck<br><br>David Listenbee<br><br>Kenny Oliver (p/k/a Audiobot)<br><br>Skyler Gordy (p/k/a SkyBlu)<br><br>Stefan Gordy (p/k/a Redfoo) | June 21, 2011 | PA 1-824-166 | | | October 25, 2015. |
| 2. | MORLEY MUSIC CO. | AUTUMN LEAVES | Joseph Kosma<br><br>Johnny Mercer<br><br>Jacques Prevert | July 7 1950 | EP 47979 | Elibeth M. Mercer (Widow of Author John H. Mercer)<br><br>Amanda Mercer Corwin (Child of deceased author John H. Mercer)<br><br>Jeff Mercer (Child of deceased author John H. Mercer) | R 667820<br>July 13, 1977 | February 4, 2016 |
| 3. | WB MUSIC CORP. | AT LAST | Harry Warren<br><br>Mack Gordon | July 2, 1942 | EP 105826 | Twentieth Century Music Corporation | R 464802<br>July 2, 1969 | February 4, 2016 |